JAMES BEALE, Respondent, v. THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 7, 1913.

1. **PRACTICE, TRIAL: Demurrer to Evidence: Tendency to Prove: Contradiction.** When the verdict is for the plaintiff the evidence in his behalf must be accepted as establishing the facts which it tends to prove, and the evidence for defendant contradictory must be rejected.

2. **NEGLIGENCE: Contributory Negligence: Collision.** An employee of a railway company was directed by the foreman at the roundhouse to go with a switch engine, in charge of a hostler and a boy helper, to a station house about a mile distant. A switch connected the roundhouse track with the main track. When the engine arrived near the switch there was a long freight train belonging to the company standing on the main track, with the rear car so close to the passing point at the switch as to just leave clearance space. The hostler stopped the engine while the boy helper went forward and threw the switch. Then the hostler sounded a signal with the whistle and started up in plain view of the train crew. Just as he was passing into, or over the switch, the standing train moved backward without warning and struck the engine catching and crushing the employee's hand. *Held*, that the question of negligence of the train crew and contributory negligence of those in charge of the engine were for the jury, since neither could be declared as a matter of law.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*Cyrus Crane* and *Geo. L. Mersereau* for appellant.

*Boyle & Howell* for respondent.

ELLISON, J.—Plaintiff's action is to recover damages for personal injury received while engaged in defendant's services. He obtained judgment in the circuit court.

The case, as presented by the respective parties, stands altogether on the question whether the evidence made out an issue of fact in such substantial way as to justify the court in submitting it to the jury. We must therefore consider the evidence in plaintiff's behalf as presenting the facts and must reject as untrue all contradictions which may be found in the evidence for defendant. [Cornelius v. Cornelius, 233 Mo. 1.] The evidence thus to be considered shows that plaintiff was a machinist of experience and had worked for defendant for several years. Defendant maintained a roundhouse in what is known as the east bottoms towards the northeastern part of Kansas City, Missouri, and in this was a small machine shop. It also maintained a station some distance west of this, at Second and Wyandotte streets. It was customary to send switch engines from the roundhouse up to this station, and plaintiff had frequently helped in taking an engine to that place.

On the afternoon of February 4, 1911, the foreman directed McCumber, a locomotive "hostler," and a young man as "helper" to take an engine up near the station and deliver it to a switching crew. He sent plaintiff along with these two as a "protection." That is, the helper being young and inexperienced, and there being several streets and tracks to cross, plaintiff was sent along as a precaution. The engine was run out on a track leading at some distance away to the eastbound main line track with which it was connected by a switch. Getting onto the east-bound track, it's course was west to a "crossover" onto the main line west-bound track and thence it would proceed west to destination. This case concerns the point at the switch connecting the roundhouse track with the east main line just referred to.

Just before reaching the switch, a long train of freight cars, forty in number belonging to defendant, was pulled east on the main line over the switch and

Beale v. Railroad.

stopped with the rear car close to the switch at the point where the engine would have to pass in to go west on the same line. McCumber stopped the engine and the boy helper got off and went forward to throw the switch. The rear car of this freight train was so close to the switch that McCumber had doubts whether there was room to get by, or, as expressed by him, whether there was sufficient "clearance," and he asked plaintiff what he thought. Plaintiff said he thought there was. He also called to the boy who was up at the place and he said there was; whereupon he gave the signal, two blasts of the whistle, and started up. As he reached the place, the standing train moved back against the engine, the rear car catching and crushing plaintiff's hand.

While what we have just related was going on, the foreman of the train crew and the rear brakeman were near by in plain view, and must necessarily have first seen the approaching engine, then the stop, and soon, the throwing of the switch. They must necessarily have heard the signal as the engine started up. They deny this, but the reasonable inference not to say physical fact, is with the plaintiff and must be accepted. [Cornelius v. Cornelius, supra.]

But defendant says that the foregoing omits the following important fact, which it insists explains away the apparent negligence of its servants and places culpability upon plaintiff himself. It is said the evidence showed that the freight train, with the engine at the other end, near a quarter of a mile away, had just passed over the switch as McCumber and plaintiff were approaching and that when the rear car got over the foreman of the train crew signalled the engineer to stop and then immediately began to signal him to back up west; and that it was in response to the last signal that the train moved and struck the engine which had just at that moment reached the switch.

Conceding this to be the state of the evidence, it does no more than make an issue whether defendant was guilty of negligence and whether plaintiff was guilty of contributory negligence. Certainly it does not, as a matter of law, show defendant's innocence, or plaintiff's guilt. On the contrary, there is this to be said against defendant's conclusion. It is certain that McCumber's engine had arrived near the switch and stopped, and the boy had gone forward and thrown the switch after the freight train had passed and stopped with its rear car barely leaving clearance space. This took time, and it is not reasonable to believe that the freight train could have stopped on a signal and then immediately begun the backward move on another signal while McCumber and plaintiff were looking at it. It was unquestionably standing in its position while these maneuvers by McCumber were being performed.

Defendant further insists that it was the custom, known to plaintiff, for those in the position he and McCumber were, to confer with the crew of the other train and ascertain their intentions before venturing into the switch. But there was evidence against this, and the verdict concludes the question. We have no ground for interference and hence affirm the judgment. All concur.